## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MIDAMERICA DIVISION INC. d/b/a/
HCA-MIDWEST DIVISION,

      *Plaintiff,*

v.

                                  Case No. 23-2551-EFM-RES

FIRST HEALTH GROUP CORP. et al.,

      *Defendants.*

## MEMORANDUM AND ORDER

Before the Court is Plaintiff MidAmerica Division Inc. d/b/a HCA-Midwest Division's Motion for Review/Objections to the Magistrate Judge's Memorandum and Order Denying Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 163). Pursuant to Federal Rule of Civil Procedure 72(a) and District of Kansas Local Rule 72.1.4, Plaintiff asks this Court to review Magistrate Judge Schwartz's March 31, 2025 Order and vacate her decision to deny Plaintiff's Motion for Leave to File a Third Amended Complaint. For the reasons set forth below, Plaintiff's objection is overruled, and Judge Schwartz's Order is affirmed.

### I.      Factual and Procedural Background

The Court outlines only the factual background relevant to the motion at hand.[1] Plaintiff filed this case in state court on November 16, 2023. Defendant First Health removed the case to

---

[1] This Court has already set out the facts giving rise to this case in a previous order (Doc. 131).

federal court on December 23, 2023. Plaintiff filed a First Amended Complaint on January 30, 2024. The deadline to amend the pleadings expired on May 31, 2024. The Court granted Plaintiff leave to file a Second Amended Complaint, and Plaintiff filed its Second Amended Complaint on June 10, 2024. On March 7, 2025, Plaintiff motioned for leave to amend its Complaint a third time.

Plaintiff's sought leave to include an additional claim against Defendant First Health for breach of the covenant of good faith and fair dealing. Plaintiff alleged that Defendant First Health promised it would oversee its network but never attempted to do so. The motion was filed more than eight months after the deadline to amend the pleadings expired. Plaintiff claimed it only learned of Defendant First Health's failure to attempt to oversee its network during a deposition of Ralph Borzillo on January 28, 2025.

Magistrate Judge Schwartz denied Plaintiff's request, finding that Plaintiff neither satisfied the requisite standard under Rule 16(b)(4) or Rule 15. She reasoned that Plaintiff failed to act expeditiously when filing its Motion, offered no explanation for why the underlying information could not have been discovered earlier through reasonable efforts, and that the Motion would unduly prejudice Defendant First Health.

Plaintiff is now before the Court, seeking to vacate Magistrate Judge Schwartz's order and requesting that the Court grant it leave to file its Third Amended Complaint.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 72(a), a party may present written objections to the decision of a Magistrate Judge. The Court may modify or set aside a magistrate judge's disposition on non-dispositive motions if the decision is "clearly erroneous or is contrary to law."[2] "A finding

---

[2] Fed. R. Civ. P. 72(a); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988) (quoting 28 U.S.C. § 636(b)(1)(A)).

is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."[3] A finding is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."[4]

However, the Court reviews de novo any part of a magistrate judge's disposition on dispositive motions to which parties properly object.[5] A party's objections to a magistrate judge's order must be timely and specific.[6] The court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[7] When a magistrate judge denies a motion to amend, and the ruling bars a claim or defense from being asserted, that ruling is considered dispositive.[8] However, a magistrate judge's denial of a motion to amend is not considered dispositive when denial was based on failure to act expeditiously, failure to demonstrate diligent efforts, or undue delay and prejudice.[9]

### III.    Analysis

Plaintiff objects to and asks the Court to review Magistrate Judge Schwartz's order denying Plaintiff's Motion for leave to file its Third Amended Complaint. Plaintiff argues that the Court should allow it to file its Third Amended Complaint under the de novo standard, or alternatively,

---

[3] *Boone v. TFI Fam. Servs., Inc.*, 2015 WL 5568348, at *2 (D. Kan. Sept. 22, 2015) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[4] *Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011) (quotation omitted).

[5] Fed. R. Civ. P. 72(b)(3); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

[6] *See* Fed. R. Civ. P. 72(b)(2) (stating objections must be timely filed within fourteen days of the magistrate judge's issuance of a recommendation).

[7] Fed. R. Civ. P. 72(b)(3).

[8] *Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1157 (D. Kan. 2000) (citing *Allendale Mut. Ins. Co. v. Rutherford*, 178 F.R.D. 1, 2 (D. Me. 1998)).

[9] *See Horocofsky v. City of Lawrence, Kan.*, 2024 WL 1961390, at *2–3 (D. Kan. May 3, 2024).

under the clearly erroneous standard. Plaintiff asserts that the Court should review Magistrate Judge Schwartz's Order de novo because the order effectively denied the assertion of a new claim, and thus, is a dispositive motion. However, Magistrate Judge Schwartz denied Plaintiff's Motion because Plaintiff failed to show good cause and undue delay and prejudice.

Magistrate Judge Schwartz found that Plaintiff failed to establish good cause under Rule 16(b)(4), citing Plaintiff's failure to act expeditiously in filing the Motion and failure to explain why the underlying information could not have been discovered earlier through reasonable diligence. Moreover, Magistrate Judge Schwartz denied leave to amend under Rule 15(a) because of Plaintiff's undue delay in filing the Motion and the undue prejudice it would cause Defendant First Health. Because Magistrate Judge Schwartz denied Plaintiff's Motion for these reasons, the decision is not treated as dispositive. Consequently, the Court will apply the clearly erroneous standard.

Plaintiff contends that Magistrate Judge Schwartz's finding that there was not good cause was clearly erroneous and contrary to law. Plaintiff argues that the delay between Borzillo's deposition and the filing of its Motion was inconsequential. Plaintiff believed Magistrate Judge Schwartz would prefer to address the potential amendment at the pretrial conference, consistent with the Local Rules' "general preference" of conferring with the Court before filing motions. Plaintiff also noted its intent to seek leave to amend in the proposed pretrial order submitted on February 14, 2025. Additionally, Plaintiff asserts that it would not have been able to discover the new information from the deposition sooner because it was not feasible to conduct discovery within five weeks. Plaintiff contends that Magistrate Judge Schwartz misstated the new information revealed in the deposition and wrongly faulted Plaintiff for not seeking an extension

of the amendment deadline. Further, Plaintiff states that Magistrate Judge Schwartz ignored the case law it cited in its Motion, which supported a finding of good cause.

Magistrate Judge Schwartz's decision to deny Plaintiff's request for leave to file a third amended complaint was neither clearly erroneous nor contrary to law. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."[10] The Rule 16 standard "requires the movant to show the 'scheduling deadlines cannot be met despite the movant's diligent efforts.'"[11] "The good-cause standard requires the moving party to provide an adequate explanation for the delay."[12] If a movant does not meet the Rule 16 good cause standard, it is not necessary to reach the Rule 15(a) standard.[13]

In this case, Magistrate Judge Schwartz specifically noted that she set aside the presumption that Plaintiff was on notice of the proposed claim prior to January 28, 2025. Instead, she assumed that "Plaintiff exercised diligence and could not have learned about the alleged new information disclosed during the Borzillo deposition any earlier." She then found that Plaintiff could not establish good cause for waiting until March 7, 2025, to seek leave to amend. Magistrate Judge Schwartz found that Plaintiff failed to act diligently to pursue an amendment based on the new information because Plaintiff did not "immediately move for leave to amend its complaint or to otherwise modify the existing scheduling order." She noted that Plaintiff instead chose to spend

---

[10] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

[11] *Id.* (quoting *Pumpco*, 204 F.R.D. at 668 (citation modified)).

[12] *Padilla v. Horizon Mgmt., LLC*, 2023 WL 6216312, at *3 (D. Kan. Sept. 25, 2023) (citing *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019)).

[13] *Gorsuch*, 771 F.3d at 1242.

"the following weeks awaiting deposition transcripts and drafting the proposed pretrial order." Thus, Magistrate Judge Schwartz denied Plaintiff's request.[14]

Nothing in Magistrate Judge Schwartz's opinion is clearly erroneous or contrary to law. Plaintiff continues to argue that the timing of its request to amend resulted from the Local Rule's "general preference" for parties to confer with the Court before motions practice. This argument was initially raised in Plaintiff's Motion, and Magistrate Judge Schwartz addressed it in her opinion. The Court agrees with Magistrate Judge Schwartz that Plaintiff misinterpreted the local rules in justifying its delay in filing. Local Rule 37.2 requires a pre-motion discovery conference with a Magistrate Judge before filing any disputed discovery-related motions. However, Local Rules 6.1, 7.1, and 15.1—the rules applicable in this case—do not have any language indicating a "general preference" of conferring with the Court before filing a motion to amend.

Further, Plaintiff contends Magistrate Judge Schwartz erroneously ignored the rulings in *Anthony v. Orion Property Group, LLC*[15] and *Ikona v. AHC of Overland Park, LLC*.[16] The Court disagrees. The *Anthony* and *Ikona* cases address modifications of a scheduling order—not motions seeking leave to amend.[17] Magistrate Judge Schwartz generally addressed these cases in her footnote where she declined to adopt the legal standard of Plaintiff's cited cases, as she had already detailed the proper legal standard for considering a motion for leave to amend in her opinion. Plaintiff fails to explain why cases addressing modifications of scheduling orders are dispositive

---

[14] Magistrate Judge Schwartz also found that Plaintiff did not establish good cause under Rule 16(b)(4) because Plaintiff failed to show why it could not discover the information from the deposition sooner through diligent discovery efforts. The Court need not address Plaintiff's arguments for this reasoning because Magistrate Judge Schwartz properly found Plaintiff failed to establish good cause for waiting over a month to seek leave to amend.

[15] *Anthony v. Orion Prop. Grp., LLC*, 2022 WL 4365699 (D. Kan. Sept. 21, 2022).

[16] *Ikona v. AHC of Overland Park, LLC*, 2022 WL 4245478 (D. Kan. Sept. 15, 2022).

[17] *Anthony*, 2022 WL 4365699, at *1; *Ikona*, 2022 WL 4245478, at *4.

when considering a motion for leave to amend. As such, Magistrate Judge Schwartz's decision was not clearly erroneous or contrary to law.

Here, Plaintiff was on notice on January 28, 2025. The good cause standard requires the movant to demonstrate diligent efforts in seeking the amendment.[18] Plaintiff failed to do so. Instead, Plaintiff waited until February 14 to notify Magistrate Judge Schwartz of its intent to seek leave to amend. Plaintiff attended the Pretrial Conference on March 4, where Magistrate Judge Schwartz expressed concerns about the timeliness of the motion. Yet, Plaintiff waited until March 7 before finally filing its Motion. Magistrate Judge Schwartz's determination that Plaintiff failed to establish good cause to amend the pleadings under Rule 16 is neither clearly erroneous nor contrary to law. Because of this, the Court need not address Plaintiff's arguments concerning Magistrate Judge Schwartz's decision under the Rule 15(a) standards.[19]

**IT IS THEREFORE ORDERED** that Plaintiff MidAmerica Division Inc. d/b/a HCA-Midwest Division's Motion for Review/Objections to the Magistrate Judge's Memorandum and Order Denying Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 163) is **OVERRULED**.

**IT IS SO ORDERED.**

Dated this 5th day of August, 2025.

Eric F Melgren

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[18] *Gorsuch*, 771 F.3d at 1240.

[19] *See id.* at 1242 (concluding that there was no need to address Rule 15(a) because the plaintiffs did not demonstrate good cause under Rule 16).